Julian v. Tile Co.

WOODROW W. JULIAN, Employee v. HUGHEY TILE COMPANY, Employer, THE HOME INDEMNITY COMPANY, Carrier

No. 7019IC386

(Filed 16 September 1970)

**Master and Servant § 96— review of compensation proceeding — remand for findings of fact**

The Court of Appeals remands a workmen's compensation case to the Industrial Commission for findings of fact on the appellant's contention that the Compromise Settlement Agreement did not coincide with his understanding with respect to reimbursements for certain medical expenses.

APPEAL by plaintiff from the *North Carolina Industrial Commission* opinion and award of 19 February 1970.

On 6 October 1969, Commissioner Marshall entered an "Order Approving Compromise Settlement Agreement." The order approved and allowed a fee of $1000 for plaintiff's counsel. Immediately following the order, the record on appeal contains an affidavit of plaintiff as follows: "That the attached agreement is the only agreement I have signed and consented to in this case and I have not authorized any person to consent to any other agreement for me." The record indicates that the "affidavit" was "sworn to on October 28, 1969," although the acknowledgment of the officer does not appear. The record next contains a copy of an "Agreement for Final Compromise Settlement and Release." This agreement does not contain the same amount of settlement as is shown in the commissioner's order. The record indicates this agreement was signed only by the plaintiff whose signature was acknowledged before a notary public whose name and expiration of commission are reproduced as a part of the record. The next document appearing in the record is "Application for Review" as follows:

"THE UNDERSIGNED HEREBY GIVES NOTICE OF APPEAL AND APPLICATION FOR REVIEW in the above case to the North Carolina Industrial Commission, sitting as the Full Commission. Error on the part of the Hearing Commission is alleged for that:

1. Agreement apparently not what Woodrow W. Julian agreed to. Need copy of transcript and agreement as filed.

All grounds for appeal not specifically set forth herein are hereby specifically waived and abandoned except as otherwise provided by law and the rules of the Industrial Commission.

W. W. Julian<br>By: John Randolph Ingram

Date of this Application:

October 17, 1969."

Immediately following this is the order of the Full Commission filed 19 February 1970. The order states that counsel for the parties appeared and ably presented their contentions, counsel for plaintiff contending that the agreement as approved did not coincide with plaintiff's understanding with respect to his receiving reimbursement for certain medical expenses allegedly paid by him. The Commission found no facts but stated: "The Full Commission has considered the contentions of the parties and has reviewed the record in the case, and is of the opinion that no real controversy exists and that any medical expenses actually paid by the plaintiff can be determined in an administrative manner upon plaintiff's production of proper receipts covering medical expenses he paid." The Full Commission therefore approved the commissioner's order except for attorney's fees which was increased to $1500.

*John Randolph Ingram for plaintiff appellant.*

*Hedrick, McKnight, Parham, Helms and Warley, by Philip R. Hedrick, for defendant appellee.*

MORRIS, J.

We are not able to make any determination of this appeal from the record now before us. The record contains an award based on a compromise agreement for the payment of $6750 in addition to counsel fees and medical expense up to the date of the agreement. It also contains an agreement executed only by plaintiff calling for the payment of $8072.10 "plus the medical bills attached hereto." Appellant's assignments of error are as follows:

1. "The appellant assigns as error the failure of the Full Commission and Hearing Commissioner to find plaintiff did not sign and execute the settlement agreement filed by

Commissioner Marshall on October 6, 1969. EXCEPTION No. 1"

Exception No. 1 is to the order of the Hearing Commissioner.

2.    "The appellant assigns as error that the Full Commission erred in the finding no real controversy exists. EXCEPTION No. 2"

Exception No. 2 is also to the order of the Hearing Commissioner entered 3 October 1969.

3.    "The appellant assigns as error that the Hearing Commissioner erred in the entry of the Opinion and Award filed October 6, 1969. EXCEPTION No. 3"

Exception No. 3 is to the order of the Full Commission filed 19 February 1970.

Exception No. 5 is to the portion of the Full Commission's order quoted above, but this exception does not appear in the grouping of exceptions and assignments of error.

In his brief appellant argues that since plaintiff did not sign the agreement upon which the award was based, the entry of the award by the commissioner on 6 October 1969 and the entry of the order approving it by the Full Commission on 19 February 1970, constituted error. He also argues in his brief that upon the evidence plaintiff is entitled as a matter of law to 400 weeks' compensation.

Defendant attached to its brief as an appendix a copy of an agreement which it contends is the one upon which the award was based.

In an effort to arrive at some understanding of the case, this Court ordered the Industrial Commission to certify to the Court as an addendum to the record "the order of the Industrial Commission filed 6 October 1969 approving the compromise settlement agreement, and a certified copy of the compromise settlement agreement which was so approved." In response thereto, the Industrial Commission certified to the Court a copy of the agreement upon which the award was based calling for the payment of $6750 "in one lump sum without commutation, plus the medical bills attached hereto." This agreement is signed by all parties and the plaintiff's signature acknowledged before a notary public whose certificate appears thereon.

We have before us no facts. Counsel for plaintiff stated in oral argument that a page providing for lesser payment was inserted in the agreement in lieu of the page providing for the larger amount. This may have caused the problem, but we are left to speculate on the answers to several questions. If a page was inserted, was it done by agreement of counsel? Who presented the agreement to the Hearing Commissioner? Does the record before the Industrial Commission contain two executed agreements or only one? If only one, which one?

While appellant's assignments of error are not properly before us, we are of the opinion that the irregularities charged on this appeal are of such nature that a determination should be made. We do not perceive that this can be done without findings of fact by the Industrial Commission. The application for review by the Full Commission was based upon the ground that the "agreement apparently not what Woodrow W. Julian agreed to." The matter must be remanded to the Industrial Commission for findings of fact.

Remanded.

BROCK and GRAHAM, JJ., concur.